**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 06-4214

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

EMIL EAGLIN,

Defendant - Appellant.

Appeal from the United States District Court for the District of South Carolina, at Columbia.  Margaret B. Seymour, District Judge. (3:04-cr-00547-MBS)

Submitted: December 14, 2006          Decided:  December 18, 2006

Before MICHAEL, GREGORY, and SHEDD, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Joshua Snow Kendrick, JOSHUA SNOW KENDRICK, P.C., Columbia, South Carolina, for Appellant.  Stanley D. Ragsdale, OFFICE OF THE UNITED STATES ATTORNEY, Columbia, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Emil Eaglin appeals from his conviction pursuant to a guilty plea to conspiracy to possess with intent to distribute cocaine and possession with intent to distribute 500 grams or more of cocaine and the resulting concurrent 235-month sentences. Eaglin's counsel filed a brief pursuant to Anders v. California, 386 U.S. 738, 744 (1967), stating that there are no meritorious issues for appeal, but addressing the validity of Eaglin's plea and sentence. Eaglin was informed of his right to file a pro se supplemental brief, but he has not done so. Because our review of the record discloses no reversible error, we affirm.

We find that Eaglin's guilty plea was knowingly and voluntarily entered after a thorough hearing pursuant to Fed. R. Crim. P. 11. Eaglin was properly advised of his rights, the offenses charged, and the maximum sentence for the offenses. The court also determined that there was an independent factual basis for the plea and that the plea was not coerced or influenced by any promises. See North Carolina v. Alford, 400 U.S. 25, 31 (1970); United States v. DeFusco, 949 F.2d 114, 119-20 (4th Cir. 1991).

We find that the district court properly applied the Sentencing Guidelines and considered the relevant sentencing factors before imposing the 235-month sentences. 18 U.S.C.A. § 3553(a) (West 2000 & Supp. 2006); see United States v. Hughes, 401 F.3d 540, 546-47 (4th Cir. 2005). Additionally, we find that

the sentence imposed is reasonable.  See <u>United States v. Green</u>, 436 F.3d 449, 457 (4th Cir.) ("[A] sentence imposed within the properly calculated [g]uidelines range . . . is presumptively reasonable.") (internal quotation marks and citation omitted), <u>cert. denied</u>, 126 S. Ct. 2309 (2006).

As required by <u>Anders</u>, we have reviewed the entire record and have found no meritorious issues for appeal.  We therefore affirm Eaglin's conviction and sentence.  This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review.  If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation.  Counsel's motion must state that a copy thereof was served on the client.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>